UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAIGE LEE, ET AL. | CIVIL ACTION |
| VERSUS | No. 20-839 |
| LEARFIELD COMMUNICATIONS, LLC, ET AL. | SECTION I |

### ORDER & REASONS

Before the Court is a motion[1] filed by defendants Defron Fobb ("Fobb") and Anthony Lawrence Collection, LLC ("Collection") (collectively, "defendants") for dismissal of the claims filed by plaintiffs Paige Lee, Business Moves Consulting, Inc. ("Business Moves"), Brandmixer, Inc. ("Brandmixer"), and Curtis Bordenave ("Bordenave" and collectively, "plaintiffs"), pursuant to Rules 12(b)(1) and 12(b)(7) of the Federal Rules of Civil Procedure. Plaintiffs oppose[2] the motion. For the following reasons, the motion is granted pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure.

### I.

The Court is familiar with the facts of the case,[3] which center on plaintiffs' allegations that defendants are infringing on plaintiffs' rights to the name and registered trademark, "THEEILOVE[.]"[4] Previously, the Court granted two motions

---

[1] R. Doc. No. 45.
[2] R. Doc. No. 47.
[3] *See* R. Doc. No. 44, at 1–6 (Order and Reasons describing the facts of the case).
[4] *See* R. Doc. No. 1.

to dismiss, finding that "after reviewing each of the Rule 19(b) factors, in 'equity and good conscience,' the case cannot proceed absent [Jackson State University ("JSU")]. Therefore, the Court finds JSU to be a required party to this lawsuit.  Because JSU['s] joinder would divest this Court of subject matter jurisdiction, plaintiffs' claims against defendants must be dismissed pursuant to Rule 12(b)(7)."[5]

In the instant motion to dismiss, defendants reference the Court's reasoning in that previous Order and incorporate the arguments advanced by the defendants who filed the previously successful motions to dismiss.[6]  In opposition to the instant motion to dismiss, defendants similarly reference the prior motion practice, and they "incorporate by reference" their previously unsuccessful filings.[7]

Having already considered the substance of the motions that have been incorporated by the parties, for the same reasons stated in the previous Order, the Court finds the instant motion to dismiss must also be granted.

## II.

Accordingly,

---

[5] R. Doc. No. 44, at 18.
[6] R. Doc. No. 45-1, at 1 (stating that "Defendants move to dismiss Plaintiffs' claims for the same reasons stated by the Court in its order dated September 25, 2020 (Rec. Doc. 44) and asserted in the motion to dismiss (Rec. Doc. 14) filed by Defendant, Collegiate Licensing Company, L.L.C. ("CLC") (incorrectly identified in the Complaint (Rec. Doc. 1) as Learfield Communications, LLC), pursuant to Federal Rules of Civil Procedure 12 (b)(1) and 12(b)(7)."); *id.* at 2 ("Defron Fobb and Anthony Lawrence Collection, LLC adopt the memorandum and supporting documents that CLC filed in support of its Motion to Dismiss, as if copied herein *in extenso*.").
[7] R. Doc. No. 47 (stating, in full: "To oppose *Defendants' Motion to Dismiss* [R. Doc. 45] and all associated filings, all plaintiffs incorporate by reference *Plaintiffs' Omnibus Memorandum in Opposition to Mo-tion(s)* [sic] *to Dismiss* and all associated filings [R. Doc. 31 - R. Doc. 31-4]").

**IT IS ORDERED** that, pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, Fobb and Collection's motion to dismiss is **GRANTED** and that the claims against Fobb and Collection in the above-captioned case are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, November 17, 2020.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**